UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BBF PARTNERS LLC and TAILORED FUND CAP  :
LLC,                                    :
                                        :
                          Plaintiffs,   :     REPORT AND
                                        :     RECOMMENDATION
         -against-                      :
                                        :     20-CV-5544 (OEM)(MMH)
MON ETHOS PRO CONSULTING LLC d/b/a Mon  :
Ethos Pro Consulting and DAVID A. WHITAKER, :
                                        :
                          Defendants.   :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiffs BBF Partners LLC ("BBF") and Tailored Fund Cap LLC ("Tailored Fund Cap") sued Defendants Mon Ethos Pro Consulting LLC d/b/a Mon Ethos Pro Consulting ("Mon Ethos") and David A. Whitaker, asserting breach of contract, breach of personal guarantee, and malicious abuse of process claims. (*See generally*, Compl., ECF No. 1.)[1] The Court dismissed the malicious abuse of process claim. *BBF Partners LLC v. Mon Ethos Pro Consulting LLC*, No. 20-CV-5544 (RPK)(MMH), 2022 WL 612974 (E.D.N.Y. Mar. 2, 2022). Before the Court is Plaintiffs' motion for default judgment for the remaining claims, pursuant to Federal Rule of Civil Procedure 55(b)(1) and Rule 55.2(a) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Mot., ECF No. 44.)[2] The Honorable Orelia E. Merchant referred the motion for report and

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] The motion papers include the Notice of Motion (Mot., ECF No. 44), the affidavit of Plaintiffs' counsel (Bouskila Aff., ECF No. 44-1), an affirmation of service for the default motion papers (Affirmation of Service, ECF No. 45), and a proposed default judgment order (Proposed Default Judgmt., ECF No. 46).

recommendation.  For the reasons set forth below, the Court respectfully recommends that the motion should be **granted** in part.

I.     BACKGROUND

The Court previously set forth the factual allegations in this case, which are taken from the Complaint and documents incorporated by reference into the Complaint, and are assumed to be true for the purposes of this motion:

> On June 10, 2020, BBF (using the name "Rapid Cap") contracted with Mon Ethos to purchase $127,315 of Mon Ethos' future receivables.  Compl. ¶ 10 (Dkt. # 1).  The contract specified that Mon Ethos would pay BBF/Rapid Cap twenty percent of its daily receivables until that amount was reached.  *Id.* ¶¶ 10–14.  Whitaker agreed to guarantee Mon Ethos' performance under the contract personally.  *Id.* ¶ 10.  Initially, Mon Ethos performed under the contract.  *Id.* ¶ 13.  But on or around June 25, 2020, Mon Ethos stopped making payments despite a balance of $94,449 remaining due.  *Id.* ¶ 14.
>
> On June 15, 2020, Tailored Fund Cap (using the name "Day to Day Funding") contracted with Mon Ethos to purchase $67,455 of Mon Ethos' future receivables.  *Id.* ¶ 17.  This contract also called for Mon Ethos to pay Tailored/Day to Day twenty percent of its daily receivables until the purchase amount was reached.  *Id.* ¶ 19.  As with the first contract, Whitaker personally guaranteed Mon Ethos' performance.  *Id.* ¶ 17.  Mon Ethos originally performed but stopped making payments on or around June 25.  *Id.* ¶¶ 20–21.  At that time, Mon Ethos had $53,863 remaining due.  [*Id.*]
>
> Whitaker did not make payments under either contract.  *Id.* ¶¶ 16, 23.
>
> The same day that Mon Ethos stopped making payments under the contract, defendants sued plaintiff BBF and several related entities in this Court.  *Id.* ¶ 25; *see Whitaker et al. v. BBF Partners, LLC et al.*, No. 20-CV-2831 (RPK).  Defendants alleged that BBF and the related entities had made unlawfully usurious loans to defendants and had misrepresented the nature of the loan agreements.     Compl.   ¶ 25;  *see Whitaker*,  No. 20-CV-2831 (Dkt. #1).  Eventually, defendants voluntarily dismissed their action.  Compl. ¶¶ 38–39.  Plaintiffs assert that defendants engaged in the prior litigation to avoid liability under the agreements and to coerce plaintiffs into accepting defendants' settlement demands.  *Id.* ¶¶ 41, 41 n.2, 60.

*BBF Partners*, 2022 WL 612974, at *1.

2

Plaintiffs filed this action on November 13, 2020. (*See generally*, Compl., ECF No. 1.) After initially defaulting, Defendants appeared and answered the Complaint on February 19, 2021. (*See* ECF No. 13.) On January 15, 2022, Defendants moved for judgment on the pleadings. (*See* ECF No. 23.) On March 2, 2022, the Court denied the motion on Plaintiffs' breach of contract and breach of guarantee claims and granted the motion as to Plaintiffs' abuse of process claim. *BBF Partners*, 2022 WL 612974, at *2–4. The Court referred the parties to mediation but the parties did not settle. (*See* Aug. 29, 2022 Order; ECF No. 33.)

On February 27, 2023, defense counsel moved to withdraw as counsel due to unsuccessful attempts to contact Defendants and Defendants' failure to pay legal fees. (*See* Defs.' Ltr. Mot., ECF No. 34.) In two separate orders, the Court directed Whitaker and a representative of Mon Ethos to appear and respond to communications from defense counsel; they failed to comply. (*See* Mar. 15, 2023 Min. Entry & Order; June 23, 2023 Min. Entry & Order.) The Court further warned Defendants that failure to respond to the Court would result in default judgment against them. (*Id.*) After no response from Defendants, the Court granted defense counsel's motion to withdraw. (Aug. 31, 2023 Order.)

At Plaintiffs' request, the Clerk of Court entered a notation of default on October 23, 2023. (Entry of Default, ECF No. 43.) Plaintiffs filed the instant motion for default judgment the same day. Judge Merchant referred the motion for report and recommendation. (Oct. 24, 2024 Order Referring Mot.) Since then, Defendants have not appeared in this case or responded to the motion.

## II.   DISCUSSION

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

3

enter the party's default. Fed. R. Civ. P. 55(a). Upon request of the plaintiff, a default judgment may be entered by the clerk when: (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear. *Brookhaven Mem'l Hosp. Med. Ctr. v. Russotto*, No. 12-CV-2806 (JS)(ARL), 2013 WL 4807156, at *2 (E.D.N.Y. Sept. 9, 2013) (citing Fed. R. Civ. P. 55(b)(1)). As set forth below, the Court finds that default judgment against Whitaker is not appropriate because Plaintiffs failed to comply with the Local Civil Rules of this district. However, default judgment against Mon Ethos is warranted.

### A. Whitaker

In this district, the moving party must mail "all papers submitted to the Court" in support of a motion for default judgment "to the party against whom default judgment is sought" at the last known business address for corporations and the last known residence for individuals. Loc. Civ. R. 55.2(c). This Court may deny a motion for default judgment if the moving party fails to mail the motion papers and file proof with the Court. *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD)(VMS), 2021 WL 8317120, at *3 (E.D.N.Y. July 22, 2021); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

Plaintiffs failed to comply with Local Civil Rule 55.2(c) regarding Whitaker, because Plaintiffs mailed the motion papers to Whitaker at Mon Ethos' registered business address. (Affirmation of Service, ECF No. 45.) Plaintiffs offer no evidence that Mon Ethos' address is also Whitaker's address. In fact, Whitaker's previous counsel listed a different service address for Whitaker. (*See* Aff. of Service, ECF No. 40 (serving the Court's June 23, 2024 Min. Entry

4

& Order).) Accordingly, the Court respectfully recommends the motion for default judgment against Whitaker should be denied. The Court will consider the instant motion against Mon Ethos.

### B. Mon Ethos

With respect to Mon Ethos, Plaintiffs complied with Local Civil Rule 55.2(c) by properly mailing the default judgment motion papers to Mon Ethos at its registered business address. (Affirmation of Service, ECF No. 45.)

Further, Plaintiffs have established that the Clerk of Court should enter judgment against Mon Ethos. *First*, the remaining claim in this action is for the unpaid receivables pursuant to the Agreements—*i.e.*, a sum certain of $163,312 and unpaid interest at the rate of 9% per year from June 26, 2020 through the date of judgment. (*See* Bouskila Aff., ECF No. 44-1 ¶ 11; Proposed Default Judgmt., ECF No. 46 at 2.)

*Second*, Plaintiffs have submitted an affidavit of the amount due. (*See generally* Bouskila Aff., ECF No. 44-1.) An affidavit stating a defined principal amount due and statutory interest is sufficient to enable the Clerk of Court to enter judgment. *See, e.g.*, *Sulieman v. Igbara,* No. 20-CV-6032 (DG)(MMH), 2023 WL 8935435, at *2 (E.D.N.Y. Dec. 21, 2023), *adopted by* Order Adopting R. & R., *Sulieman v. Igbara,* No. 20-CV-6032 (DG)(MMH) (E.D.N.Y. Jan. 16, 2024) (awarding default judgment where a declaration showed that defendant owed a sum certain and interest "calculated at the statutory rate of 9% pursuant to N.Y. C.P.L.R. §§ 5001 and 5004").

*Third*, Mon Ethos has defaulted by failing to appear in response to the Court's directives. After counsel moved to withdraw, the Court twice directed Whitaker and a Mon Ethos representative to appear—in March 2023 and June 2023—to discuss the motion,

5

especially because a limited liability company may not proceed in federal court without counsel. (Mar. 15, 2023 Min. Entry & Order (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)); June 23, 2023 Min. Entry & Order.) Whitaker undeniably received the Court's orders: after the June 23, 2023 telephone status conference, he called the Court's chambers to report that he was unable to access the conference line. (June 27, 2023 Order.) The Court then directed Whitaker to provide his contact information and to confirm his intended next steps, including whether he would retain counsel for himself and for Mon Ethos. (*Id.*; *see also* June 23, 2023 Min. Entry & Order.) Instead, Whitaker did not respond to the Court or to his counsel. Thus, the Clerk of Court "must enter judgment as requested." *Manheim Auto. Fin. Servs., Inc. v. All Major Brands Auto Sales, Inc.*, No. 10-CV-906 (KAM)(JO), 2010 WL 4737282, at *1 (E.D.N.Y. Oct. 14, 2010), *adopted by* 2010 WL 4737695 (E.D.N.Y. Nov. 16, 2010) (citing Fed. R. Civ. P. 55(b)(1)).

Finally, the Court respectfully recommends that Plaintiff should recover post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28 U.S.C. § 1961). Therefore, the Court recommends that Plaintiff should be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for default judgment at ECF No. 44 should be **denied** as to David A. Whitaker and **granted**

6

as to Mon Ethos Pro Consulting LLC d/b/a Mon Ethos Pro Consulting.  Specifically: (1) the Clerk of Court should enter the proposed judgment at ECF No. 46 (as amended) against Defendant Mon Ethos Pro Consulting LLC d/b/a Mon Ethos Pro Consulting[3]; (2) Plaintiffs BBF Partners LLC and Tailored Fund Cap LLC should be awarded the sum of $163,312 and unpaid interest at the rate of 9% per year from June 26, 2020 through the date of judgment; and (3) Plaintiffs should be awarded post-judgment interest at the rate established in 28 U.S.C. § 1961(a).

A copy of this Report and Recommendation is being served on Plaintiffs via ECF.  The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to Defendant Mon Ethos Pro Consulting LLC d/b/a Mon Ethos Pro Consulting, 63 Summit Avenue, Winthrop, MA 02152.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Merchant.  If a

---

[3] The recommended amendments to the Proposed Default Judgment at ECF No. 46 are: (1) in paragraph one, (a) change "Plaintiff" to "Plaintiffs", and (b) change "Plaintiff's Complaint" to "Plaintiffs' Complaint"; (2) in paragraph two, (a) delete "and David A Whitaker with an address of 63 Summit Ave Winthrop MA 02152 jointly and severally"; (b) change "Plaintiff Ricardo Gonzalez" to "Plaintiffs BBF Partners LLC and Tailored Fund Cap LLC"; and (c) change "Plaintiff's Complaint" to "Plaintiffs' Complaint";  and (3) in paragraph three, change "Plaintiffs BBF Partners LLC and Tailored Fund Cap LLC has judgment and does recover from Defendants Mon Ethos Pro Consulting LLC dba Mon Ethos Pro Consulting and David A Whitaker, jointly and severally" to "Plaintiffs BBF Partners LLC and Tailored Fund Cap LLC have judgment and do recover from Defendant Mon Ethos Pro Consulting LLC d/b/a Mon Ethos Pro Consulting".

7

party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
July 8, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

8